UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEN URBANCZYK, RAYMOND
REVOIR, and SHERRI REVOIR,

        Plaintiffs,                CIVIL ACTION NO. 10-CV-11180

   vs.

                                 DISTRICT JUDGE MARK A. GOLDSMITH

TROTT & TROTT, P.C.,         MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** This Court recommends that Defendant's Motion for Summary Judgment (docket no. 22) be **GRANTED** and Plaintiffs' complaint be dismissed.

**II.**    **REPORT**:

This matter comes before the Court on Defendant's Motion for Summary Judgment. (Docket no. 22). The motion is unopposed. All pretrial matters have been referred to the undersigned for action. (Docket no. 24). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiffs filed this action against Defendant Trott & Trott on March 24, 2010, alleging violations of the Fair Debt Collection Practices Act, the Michigan Occupational Code, and the Michigan Collection Practices Act. Plaintiffs allege that Defendant was hired to collect a debt allegedly owed by Plaintiffs arising out of a foreclosure deficiency balance with respect to property located at 8385 Hillcrest Blvd, Westland, Michigan. (Docket no. 1). Plaintiffs contend that Defendant "embarked on a campaign to harass Plaintiffs by threatening punitive, illegal civil

1

liability if the debt wasn't paid." (Docket no. 1).

Defendant shows that property located at 8385 Hillcrest Blvd in Westland, Michigan was sold at a sheriff's sale on April 23, 2008. (Docket no. 22, ex. A). The mortgagors were Melvin and Virginia Blaut. (Docket no. 22, ex. A). Defendant represented the mortgagee. (Docket no. 22 at 4 and ex. A). On July 24, 2008 the period of redemption expired without anyone coming forward to redeem. (Docket no. 22 at 4 and ex. B). Defendant contends that it closed its file on this case around July 24, 2008 and ceased to represent the mortgagee in connection with the foreclosure related to the subject property.

Plaintiffs indicate in discovery responses that they leased the subject property from November 1, 2008 to April 10, 2010, after the period of redemption expired. (Docket no. 22, ex. D at 14). They also claimed to be the new owners of the subject property. (Docket no. 22, ex. D at 18). Because Plaintiffs failed to respond to Defendant's Motion to Dismiss and Plaintiffs' responses to Defendant's discovery requests are completely inadequate, little else is known about this case. (Docket no. 22, ex. D).

E.D. Mich. LR 7.1(c) provides that a party opposing a motion must file a response, including a brief and supporting documents then available. E.D. Mich. LR 7.1(e)(1)(B) provides that a response to a dispositive motion must be filed within 21 days after service of the motion. If a party fails to support an assertion of fact or fails to address another party's assertion of fact, the court may "grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." Fed.R.Civ.P. 56(e).

Defendant claims to have closed its file on the subject property on or around July 24, 2008, before Plaintiffs leased or purchased the property. Defendant also states in an affidavit that it has

no knowledge of the alleged acts stated in the complaint and no records related to Plaintiffs. (Docket no. 22, ex. E).  Plaintiff has not shown otherwise.  Accordingly, Defendant's Motion for Summary Judgment (docket no. 22) should be granted and Plaintiff's complaint dismissed.

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised

3

in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 29, 2011          s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Ken Urbanczyk, Raymond Revoir, Sherri Revoir and Counsel of Record on this date.

Dated: April 29, 2011          s/ Lisa C. Bartlett
                               Case Manager